[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #120
The plaintiffs, Barbara J. and Robert K. Fawthrop, filed a two count amended complaint on June 18, 1999, against the defendants, Bridgeport Radiology Associates, P.C. (Bridgeport Radiology) and P.M. Shimkin, M.D. The plaintiffs allege that the defendants were medically negligent in the diagnosing and/or interpreting Barbara Fawthrop's mammogram.
The defendants move to strike paragraph 35 of the second count of the CT Page 10278 complaint. Paragraph 35 of count two alleges that "[a]s a result of the negligence of defendant as aforesaid, plaintiff Robert K. Fawthrop suffered severe emotional distress, anguish and anxiety from knowing of his wife plaintiff Barbara J. Fawthrop's condition and of her physical and emotional pain and suffering." (Complaint, Count two, ¶ 35.) The defendants argue that this cause of action is not recognized in Connecticut.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof. . . ." Practice Book § 10-39
(a); Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089 (1998). In ruling on a motion to strike, the court "must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency." Parsonsv. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997); see also Cotto v. United Technologies Corp., 251 Conn. 1, 18, 738 A.2d 623
(1999). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Bhinder v. Sun Company, Inc., 246 Conn. 223, 226, 717 A.2d 202
(1998).
The defendants argue that Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice action. The plaintiffs argue paragraph 35 of the second count is not a claim for bystander emotional distress but rather an allegation in the loss of consortium claim. The plaintiffs also argue that the motion to strike is an improper attack on a single paragraph which does not contain a separate cause of action.
The court agrees with the plaintiff. Paragraph 35 does not contain a separate claim for bystander emotional distress as the defendants argue. That paragraph merely alleges, and must throughout the case be deemed to solely allege, the mental and emotional anguish suffered by Robert K. Fawthrop as an integral part of his claim of loss of consortium. SeeHopson v. St. Mary's Hospital, 176 Conn. 485, 493, 408 A.2d 260 (1979). This determination disposes of the motion. The following might also be noted, however.
"[W]here individual paragraphs standing alone do not purport to state a cause of action, a motion to strike cannot be used to attack the legal sufficiency of those paragraphs. . . . A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated." (Citations omitted; internal quotation marks omitted.) Dowd v. D'Addeo, Superior Court, judicial district of Middlesex CT Page 10279 at Middletown, Docket No. 88165 (January 13, 2000, Arena, J.).
The motion to strike is therefore denied.
The Court
Nadeau, J.